IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL DAVID MARX,

                    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

                    Defendant.

OPINION and ORDER

23-cv-222-jdp

---

Plaintiff Michael David Marx, appearing pro se, is incarcerated at Thompson Correctional Center, located in Deerfield, Wisconsin. Marx alleges that facility staff failed to properly treat his dental problem and threatened to retaliate against him for complaining about the problem. Marx has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Marx's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I conclude that Marx's complaint fails to state a claim against a defendant that can be sued in this court, but I will give him a chance to file an amended complaint fixing these problems.

ANALYSIS

Marx alleges that in June 2022 one of his front teeth started to hurt. He asked his dentist, Dr. Delforge, for a root canal, but Delforge refused; Delforge said that a Department of Corrections policy stated that he did not have to perform a root canal, and he offered to pull the tooth instead. Marx asked about paying to see an outside dentist, but he was told by unidentified staff that it was not allowed. An unidentified male nurse told him to stop complaining about the problem or they would send him to a prison with harsher conditions.

Marx's allegations that staff won't provide him with adequate medical care for his dental problem and that they threatened to retaliate against him by transferring him to a harsher prison could likely state claims for relief under the First and Eighth Amendments to the United States Constitution if he named the appropriate defendants for such claims. But his complaint does not name any defendants who may be sued.

The only defendant named in his complaint is the Department of Corrections, but the DOC cannot be sued for constitutional violations. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Instead, Marx must include individuals in the caption of his complaint who were "personally involved" in the alleged constitutional violation, which means that the defendant caused or participated in the violation. *See Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). Marx discusses individuals' actions in his complaint but he does not name them as defendants. And in other parts of the complaint he does not explain what individual acted to harm him.

I will dismiss Marx's complaint but I will give him a chance to file an amended complaint fixing these pleading problems. In drafting his amended complaint, Marx should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He should state his allegations as if he were telling a story to someone who knows nothing about the events.

- If he does not know the identity of particular defendants, he may label them as John Doe No. 1, John Doe No. 2, and so on. The court has procedures by which he may make discovery requests to identify those defendants later in the case.

If Marx fails to submit an amended complaint by the deadline set below, I will dismiss the case and assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Michael David Marx's complaint is DISMISSED.

2. Plaintiff may have until June 8, 2023, to submit an amended complaint as directed in the opinion above.

Entered May 18, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge